UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

-vs-                                                                         Case No.  8:05-cr-342-T-24 TGW

MARY BOLAN

_____/

## ORDER

This cause comes before the Court on Defendant Bolan's Motion to Dismiss Indictment. (Doc. No. 59).  The Government opposes this motion.  (Doc. No. 61).

## I.  Background

Defendant Bolan is charged in a twenty-one count indictment for conspiracy to commit mail fraud and wire fraud (Count One), mail fraud (Counts Two through Eleven), and wire fraud (Counts Twelve through Twenty-One).  In Count One, conspiracy to commit mail fraud and wire fraud, the indictment charges Defendant Bolan with joining in a scheme to obtain mortgage loans in amounts in excess of the true market values of properties sold to inside "straw purchasers." Additionally, Count One charges Bolan with using U.S. mails and interstate wire transmissions in connection with the scheme.  (Doc. No. 1, p. 6, 8).

## II.  Motion to Dismiss

Defendant Bolan moves to dismiss the indictment, arguing (1) there are not sufficient allegations of facts showing that she knew of the scheme and voluntarily participated in the conspiracy; and (2) there are not sufficient allegations that she participated in any agreement to execute a scheme to defraud.  Accordingly, the Court will address each argument.

### A.  Conspiracy

Defendant Bolan argues that Count One should be dismissed, because there are not sufficient allegations of facts showing that she knew of the scheme and voluntarily participated in the conspiracy.  Defendant Bolan relies on U.S. v. Shankman, 13 F. Supp.2d 1358 (S.D. Ga.

1998), in support of her contention that Count One should be dismissed. However, Defendant Bolan's reliance on Shankman is misplaced. The issue before the Shankman court was whether to grant a post-trial motion for new trial based on the evidence presented at trial; the court did not analyze the sufficiency of the indictment. See id. at 1362-66.

Furthermore, this Court notes that "[a]n indictment is sufficient if it contains the elements of the offense charged, fairly informs the defendant what charge he must be prepared to meet, and enables the accused to plead acquittal or conviction in bar of future prosecutions for the same offense." U.S. v. Gordon, 780 F.2d 1165, 1169 (5th Cir. 1986)(citations omitted). "[T]he essential elements of a conspiracy are an agreement by two or more persons to combine efforts for an illegal purpose and an overt act by one of the members in furtherance of the agreement." Id. at 1170.

The indictment alleges that Defendant Bolan joined Defendants Abercrombie, Kerber, and Parodo in a scheme to obtain mortgage loans in amounts in excess of the true market values of properties sold to inside "straw purchasers" and that Defendant Bolan participated in some of the real estate transactions. Additionally, Count One charges that it was part of the conspiracy that the conspirators would and did use mail and wire transmissions in connection with the loans obtained and mortgages that were sold. Upon review of the indictment, the Court finds that the indictment adequately alleges the essential elements of a conspiracy. As such, the Court denies Defendant Bolan's motion that Count One be dismissed.

### B. Mail and Wire Fraud

Next, Defendant Bolan argues that Counts Two through Twenty-One should be dismissed, because there are not sufficient allegations that she participated in any agreement to execute a scheme to defraud. The Court rejects this argument, as Counts Two through Twenty-One incorporate the description of the scheme to defraud that is set forth in Count One.

### III.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Defendant Bolan's Motion to Dismiss Indictment (Doc. No. 59) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 12th day of June, 2006.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record